UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| GARNER DWIGHT PADGETT, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No.: 2:24-CV-33-KAC-CRW |
| HERBERT HARRISON SLATERY, III, | ) ) ) | |
| Respondents | ) | |

## MEMORANDUM AND ORDER

Garner Dwight Padgett, an inmate in the custody of the Tennessee Department of Correction, filed a (1) complaint [Doc. 2] under 42 U.S.C. § 1983, challenging his 2002 Putnam County criminal conviction, and (2) motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court **CONVERTS** the complaint to a habeas corpus petition under 28 U.S.C. § 2254, **GRANTS** the motion to proceed *in forma pauperis*, and **TRANSFERS** this action to the United States Court of Appeals for the Sixth Circuit.

I. CONSTRUCTION OF FILING

Padgett filed this action on a form "Complaint for Violation of Civil Rights" under 42 U.S.C. § 1983 [*See* Doc. 2 at 1]. But he seeks to overturn the 2002 Putnam County judgment entered against him and obtain $1,000 to be sent to a charity "for [his] Troubles" related to the conviction [*See id.* at 2-5]. An action under Section 1983, however, is not the appropriate vehicle for Padgett to challenge his conviction, because the "sole federal remedy" for a state prisoner seeking an immediate or speedier release from custody is a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). And Padgett cannot obtain monetary damages under Section 1983 based on his incarceration, because he has not demonstrated that his conviction or sentence

has been reversed or invalidated, or that other exceptions apply. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254"). Because Padgett cannot obtain any of the relief he seeks in a Section 1983 action, the Court converts his complaint to a habeas corpus petition under 28 U.S.C. § 2254.[1] *See Castro*, 540 U.S. at 381-82 (permitting recharacterization to address the substance of the filing and its legal basis); *see also In re Cannamela*, 70 F.4th 356, 358 (6th Cir. 2023).

## II. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 1] that Padgett, now properly characterized as Petitioner, lacks sufficient financial resources to pay the $5.00 filing fee for a habeas action. Accordingly, the Court **GRANTS** this motion [Doc. 1].

## III. ANALYSIS OF HABEAS PETITION

Petitioner does not identify his crime of conviction in the body of his Petition. But exhibits to the Petition indicate that he was convicted of first-degree murder [*See* Doc. 2-1 at 9, 11]. *See also* Tenn. Dep't of Corr., *Felony Offender Information*, https://foil.app.tn.gov/foil/search.jsp (search by name) (last visited March 22, 2024) (indicating Petitioner is serving a sixty-year term of incarceration following conviction in Putnam County for first-degree murder). Petitioner has

---

[1] When a court recharacterize a pro se litigant's filing as a first Section 2254 or 2255 motion, the court must provide certain notices and warnings to the pro se litigant. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Because the instant action is a second or successive motion, however, a warning is not necessary here. *See Padgett v. Sexton*, No. 2:11-CV-43 (M.D. Tenn. Oct. 7, 2011).

2

Case 2:24-cv-00033-KAC-CRW   Document 4   Filed 03/25/24   Page 2 of 4   PageID #: 57

already filed an unsuccessful Section 2254 petition challenging his 2002 Putman County conviction for first-degree murder. *See Padgett v. Sexton*, No. 2:11-CV-43, 2011 WL 7775068 (M.D. Tenn. Oct. 7, 2011). None of the claims Petitioner seeks to bring in this action were unripe at the time of Petitioner's previous Section 2254 petition, but Petitioner either failed to bring those claims in that first petition or did so unsuccessfully. Therefore, his Petition in this action is second or successive. *In re Hill*, 81 F. 4th 560, 569 (6th Cir. 2023).

Because the Petition in this action is second or successive, Petitioner must obtain authorization from the United States Court of Appeals for the Sixth Circuit before he may pursue this action. *See* 28 U.S.C. § 2244(b)(3). It does not appear that Petitioner has obtained authorization from the Sixth Circuit. So, the Court will transfer Petitioner's file to the Sixth Circuit, which will likely construe the Petition as a request for authorization under Section 2244(b)(3). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court **DIRECTS** the Clerk to transfer this action to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Sims*. The Clerk **SHALL** close this case.

**SO ORDERED.**

**ENTER:**

                                          s/ Katherine A. Crytzer
                                          KATHERINE A. CRYTZER
                                          United States District Judge